## IN THE UNITED STATES DISTRICT COURT
## FOR SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| REGINALD N. B.,[1] | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 3:22-cv-1369-DWD |
| | ) | |
| COMMISSIONER OF SOCIAL | ) | |
| SECURITY, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

**DUGAN, District Judge:**

Before the Court is Plaintiff's Petition to Award Attorney Fees Pursuant to the Equal Access to Justice Act ("EAJA") (Doc. 30) and Defendant's Response (Doc. 31) thereto. *See* 28 U.S.C. § 2412. Plaintiff requests attorney fees and expenses totaling $6,480.00 ($225 per hour x 28.8 hours).[2] Plaintiff seeks for "the hourly rate of $125.00 per hour [to] be increased to $225.00 based on the U.S. Department of Labor's Cost-of-Living statistics," and argues that increase would be reasonable *See* (Doc. 30, pgs. 2-3).

Defendant does not oppose the Petition for attorney fees and expenses totaling $6,480.00. (Doc. 31, pg. 1). However, Defendant requests specific language in this Memorandum & Order, reflecting that any fees paid belong to Plaintiff, not Plaintiff's attorney, and can be offset to satisfy pre-existing debt that Plaintiff owes to the United States. *See Astrue v. Ratliff*, 560 U.S. 586, 593 (2010) (holding subsection (d)(1)(A) of § 2412

---

[1]Plaintiff's full name will not be used due to privacy concerns.

[2]Plaintiff seeks attorney fees and expenses but not costs, as no additional costs are associated with the case. (Doc. 30, pg. 3).

awards attorney fees and expenses to the litigant, as to subject the attorney fees and expenses to a federal administrative offset for outstanding federal debts).

Now, § 2412(d)(1)(A) and (B), in part, provide as follows:

(d)(1)(A)…[A] court shall award to a prevailing party other than the United States fees and other expenses…incurred by that party in any civil action (other than cases sounding in tort), including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

(B) A party seeking an award of fees and other expenses shall, within thirty days of final judgment in the action, submit to the court an application for fees and other expenses which shows that the party is a prevailing party and is eligible to receive an award under this subsection, and the amount sought, including an itemized statement from any attorney…stating the actual time expended and the rate at which fees and other expenses were computed. The party shall also allege that the position of the United States was not substantially justified. Whether or not the position of the United States was substantially justified shall be determined on the basis of the record (including the record with respect to the action or failure to act by the agency upon which the civil action is based) which is made in the civil action for which fees and other expenses are sought.

28 U.S.C. § 2412(d)(1)(A)-(B).

Here, the Court **FINDS** Plaintiff's Petition and the attached Exhibits satisfy the requirements of the above-quoted statutory provision. (Docs. 30; 30-1 to 30-5). The Court **FURTHER FINDS** an award of $6,480.00, representing an increase to $225 per hour as agreed by the parties, is reasonable. *See* 28 U.S.C. § 2412(d)(2)(A) ("The amount of fees awarded under this subsection shall be based upon prevailing market rates for the kind and quality of the services furnished, except that…attorney fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living

or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee."). As such, the Court **GRANTS** the Petition.

Plaintiff is awarded **$6,480.00** for attorney fees and expenses in full satisfaction of any and all claims that may be payable to Plaintiff in this matter under the EAJA, 28 U.S.C. § 2412. Any fees paid belong to Plaintiff, not to Plaintiff's attorney, and can be offset to satisfy any pre-existing debt that the litigant owes to the United States. *See Astrue*, 560 U.S. at 593. If Defendant can verify Plaintiff does not owe a pre-existing debt to the Government subject to the offset, Defendant shall direct that the award be made payable to Traci L. Severs under the EAJA assignment duly signed by Plaintiff.[3] If the payment is mailed, as compared to electronically deposited, it shall be mailed to counsel's address of record: Post Office Box 621, Manchester, Missouri 63021.

SO ORDERED.

Dated: November 22, 2023

s/ *David W. Dugan*
DAVID W. DUGAN
United States District Judge

---

[3] An Assignment of EAJA Attorney Fees was attached as an Exhibit to the Petition. (Doc. 30-2).